**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **FREDERICK DEONE GOODEN,** ) | | |
| **TDCJ No. 1013573,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | Civil No. 7:12-CV-191-O-BL | |
| ) | | |
| **RICK THALER, Director, Texas** ) | | |
| **Department of Criminal Justice,** ) | | |
| **Correctional Institutions Division,** ) | | |
| ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**REPORT AND RECOMMENDATION**

    This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by a person who, at the time of filing, is confined to the Allred Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), in Iowa Park, Texas. This matter was referred to the United States Magistrate Judge for pre-trial management pursuit to Misc. Order 6. Petitioner challenges the validity of disciplinary action 20120321857, which was taken against him while confined to the Allred Unit.

    In support of his petition, Petitioner presents the following grounds for relief:

    1.    He was denied due process insofar as the investigation into the disciplinary case was biased against him;

    2.    He had a right to threaten a medical staff member with a report or complaint to the medical board or a grievance;

    3.    The procedures used by TDCJ-ID in disciplinary cases are unfair;

    4.    Counsel substitute did not adequately protect Petitioner's rights; and

> 5. All prisoners should be accorded the same due process protections even if not eligible for mandatory release because each has a liberty interest in time-earning status and parole.

Petition ¶¶ 20 A-E. Petitioner is seeking to have the disciplinary findings and the result reversed as well as further injunctive relief against TDCJ-ID. Petition ¶ 21.

Petitioner has indicated that the sanctions imposed as a result of the disciplinary violation included a demotion in time-earning and custodial classification, telephone restriction, loss of work time, 15 days of solitary confinement, recreation and commissary restriction, and a suspension of visitation from July 23, 2012 to September 14, 2012. Petition ¶ 18.

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).

A constitutionally protected liberty interest can be implicated in a prison disciplinary action only where the inmate is eligible for mandatory supervised release and he forfeits previously earned good-time credits which will ultimately delay his release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). An inmate has no constitutionally protected interest in his prison custodial classification or in his future good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

Moreover, Petitioner has no constitutionally protected interest in work time or a job. The Fifth Circuit addressed this specific issue, noting that prisoners have no constitutionally protected liberty or property interests *per se* in their prison job assignments. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (citing *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989)). Prisoner classification and eligibility for rehabilitation programs in prisons are not

3

directly subject to "due process" protections. *Bulger*, 65 F.3d at 49 (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Under *Sandin*, Petitioner's loss of work time did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Bulger*, 65 F.3d at 50 (citing *Sandin*, 515 U.S. at 484).

Petitioner has indicated that he is not eligible for release to mandatory supervision. Petition ¶16. Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Thus, a prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, which increases his sentence beyond the time that would otherwise have resulted from state law providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). However, a prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Under the circumstances of the instant case, no constitutionally protected liberty interest is implicated. Petitioner is serving three concurrent 50 year terms of confinement. Petition ¶3. Because he is not eligible for release, Petitioner does not have a constitutionally protected interest in his loss of good time, nor do any of the sanctions assessed against him implicate any protected constitutional interest. Petitioner's allegations fail to demonstrate that he was deprived of any process that he was due with regard to the disciplinary case, the investigation, the hearing, the representation by counsel substitute, or arising out of the sanctions imposed.

4

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

Petitioner having asserted his claims under the United States Constitution, it is further recommended that the motion and brief for the federal court to send cause to the Texas Supreme court be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 12th  day of November, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**